28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre BROOKS, Plaintiff-Appellant,
v.
Charlotte COOK; Mark L. Mechanic, Defendants-Appellees.
 No. 92-56232.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 11, 1994.
Decided May 31, 1994.
 
 Before: BRIGHT,* WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 A. Preclusive Effect of the Pretrial Order
 
 2
 A pretrial order was filed in this case in November 1986. It stated no motion could be made without express leave of the court, except those motions listed in the pretrial order; a motion for summary judgment was not listed. After the pretrial order was filed, the case was tried twice, appealed twice, and remanded twice. After the second remand, on September 8, 1992, the district court entertained the defendants' motion for summary judgment now on appeal.
 
 
 3
 Brooks argues the district court abused its discretion by entertaining the summary judgment motion because the pretrial order did not contemplate such a motion. Further, he argues he was unfairly surprised and not afforded sufficient time to obtain evidence to respond to the motion. In response, the defendants argue the district court implicitly amended the pretrial order by hearing and ruling on the summary judgment motion.
 
 
 4
 For the proposition that the district court has the ability to amend implicitly a pretrial order by hearing and ruling on a motion not contemplated by that order, the defendants rely on Spiller v. Ella Smithers Geriatric Ctr., 919 F.2d 339, 343 (5th Cir.1990) (court implicitly granted motion to amend pretrial order when it allowed the party to file motion for summary judgment in contravention of the order), and R.L. Clark Drilling Contractors v. Schramm, Inc., 835 F.2d 1306, 1308 (10th Cir.1987) (party's assertion of new issue not stated in pretrial order was construed as informal motion to amend order). Both Spiller and Schramm have been criticized by this court. In Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 608-09 (9th Cir.1992), we affirmed the district court's denial of the plaintiff's motion to amend his complaint to join additional parties after entry of the pretrial order. In dicta, we rejected the plaintiff's argument that an untimely motion to amend a complaint can be construed as a motion to amend the pretrial order.[1] Id. We specifically found that Ninth Circuit case law suggests the contrary of the Spiller and Schramm decisions. Id. at 608.
 
 
 5
 However, despite our expressed reluctance in Johnson to construe untimely motions as motions to amend the pretrial order, we hold that, under the extraordinary circumstances of this case, the district court did not abuse its discretion by entertaining the summary judgment motion. As the district court noted, six years had passed since entry of the pretrial order. In the long interim between the entry of the pretrial order and the defendants' motion for summary judgment, the Supreme Court and this court had developed legal authority which had a significant impact on the case. Consequently, under the circumstances, it would have been manifestly unjust for the district court to disallow the summary judgment motion based on a pretrial order entered six years and two trials ago. At such a unique stage in the litigation, i.e., contemplation of a third trial after the second remand, the district court has broad discretion to determine the impact a modification on the pretrial order will have and to allow the modification if it will promote an efficient and orderly disposition of the case. See United States v. First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir.1981) (holding impact of a modification on orderly, efficient conduct of case is factor to be considered by district court).
 
 
 6
 Furthermore, we find Brooks' contention that he was unfairly surprised by the motion is not supported by the record. The motion was filed on August 14, 1992, and heard on September 8, 1992. If Brooks had insufficient time to prepare his response to the motion, he could have requested a continuance, but he failed to do so.
 
 B. Summary Judgment
 
 7
 1. Brooks' Failure to Respond to Summary Judgment Motion
 
 
 8
 In opposition to the summary judgment, Brooks did not contest the defendants' statement of material facts supporting their contentions that there was reasonable suspicion for the stop and that the deputies did not use excessive force in conducting the stop. Under Local Rule 7.14.3 of the Central District of California, the district court "will assume that material facts as claimed and adequately supported by the moving party are admitted" if the opposing party does not controvert those facts. As we said in Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1545 (9th Cir.1988), Local Rule 7.14.3 "serves as adequate notice to nonmoving parties that if a genuine issue exists for trial, they must identify that issue and support it with evidentiary materials, without the assistance of the district court judge." On summary judgment, Brooks made no attempt to controvert the defendants' statement of the material facts. The arguments Brooks now makes on appeal concerning the existence of genuine issues of material fact are tardy, and we will not consider them because he failed to raise them in opposition to the motion for summary judgment. See Image Technical Serv., Inc. v. Eastman Kodak Co., 903 F.2d 612, 615 n. 1 (9th Cir.1990) (declining to consider arguments not raised in district court in response to motion for summary judgment), aff'd on other grounds, 112 S.Ct. 2072 (1992).
 
 2. Reasonable Suspicion
 
 9
 Our previous decision in this case, reversing a directed verdict for the defendants in the first trial, was premised on the law at that time which required reasonable suspicion to exist at the time the officers initiated the stop. United States v. Fouche, 776 F.2d 1398, 1402 (9th Cir.1985). However, as we recognized in United States v. Santamaria-Hernandez, 968 F.2d 980, 983 (9th Cir.1992), the Supreme Court's decision in California v. Hodari D., 499 U.S. 621 (1991), changed this rule. The rule now allows the determination of whether reasonable suspicion existed to "take into account all of the events that occur up to the time of physical apprehension of a suspect who flees." Santamaria, 968 F.2d at 983. This new rule applies retroactively. Id.
 
 
 10
 We hold that the deputies had reasonable suspicion to conduct an investigatory stop. The uncontroverted facts establish that, after the deputies activated the overhead lights on the patrol car, the suspect vehicle made a left turn from the right lane, crossing the intersection diagonally. This traffic infraction was sufficient to establish reasonable suspicion to conduct an investigatory stop under the new retroactive rule which allows consideration of all conduct occurring prior to physical apprehension of the vehicle. See Fouche, 776 F.2d at 1403 (finding traffic violations provide reasonable suspicion for investigatory stop). Consequently, the material question of fact regarding the existence of reasonable suspicion at the time the officers initiated the stop is no longer relevant.
 
 3. Excessive Force
 
 11
 The uncontroverted facts also establish the deputies did not use excessive force in conducting the stop. The deputies were following a suspect vehicle which failed to stop when the overhead lights were activated. Eventually, it made an improper turn onto a dimly lit access road where it abruptly stopped. Brooks was asked to exit the vehicle but did not comply with this request immediately. When he finally did exit the car, a deputy grabbed his shoulder and pushed him against the car.
 
 
 12
 We hold the deputies' actions were " 'objectively reasonable' in light of the facts and circumstances confronting them." Graham v. Connor, 490 U.S. 386, 397 (1989). "[T]he right to make an ... investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. at 396. The physical coercion used in this case does not rise to the level of excessive force.
 
 4. Qualified Immunity
 
 13
 Because we hold the deputies had reasonable suspicion to conduct an investigatory stop and did not use excessive force, we do not need to consider the issue of qualified immunity.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court specifically noted the results of the case would not be affected by resolution of the pretrial order issue either in favor or against the plaintiff. Johnson, 975 F.2d at 609